**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fidel RODRIGUEZ, Defendant-Appellant.**

**No. 25817.**

United States Court of Appeals,
Ninth Circuit.

March 19, 1971.

---

William Brockett (argued), Michael H. Walsh, San Diego, Cal., for defendant-appellant.

Warren Reese (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MURRAH,* HAMLEY and BROWNING, Circuit Judges.

PER CURIAM:

Appellant was convicted of conspiring to smuggle marihuana and of unlawfully transporting illegally imported marihuana, both in violation of 21 U.S.C. § 176(a). The sole issue on appeal is whether the trial court erred in limiting cross-examination of the government's principal witness, appellant's codefendant, concerning his motivation to testify.

We reaffirm the well-settled rule that "[t]he extent to which cross-examination of a witness will be allowed rests in the sound judicial discretion of the trial court." Beck v. United States, 298 F.2d 622, 629 (9th Cir. 1962); see United States v. Carlson, 423 F.2d 431, 440 (9th Cir. 1970); Kohatsu v. United States, 351 F.2d 898, 905 (9th Cir. 1965). Because of the peculiar circumstances of this case, however, we reluctantly conclude that the trial court unduly limited appellant's cross-examination of his codefendant.

The witness was allegedly appellant's sole accomplice. The government relied almost entirely upon his testimony, which had little or no corroboration. The witness' testimony was directly contrary to that of appellant. The witness' credibility was therefore of crucial importance, and it was essential that appellant be given a maximum opportunity to test that credibility by exploring the witness' motivation for testifying. See United States v. Dickens, 417 F.2d 958, 959–961 (8th Cir. 1969); Thurman v. United States, 316 F.2d 205, 206 (9th Cir. 1963); United States v. Hogan, 232 F.2d 905 (3d Cir. 1956); cf. Napue v. Illinois, 360 U.S. 264, 270, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Alford v. United States, 282 U.S. 687, 693, 51 S.Ct. 218, 75 L.Ed. 624 (1931). Cross-examination was unduly restricted here. Appellant was not permitted, for example, to inquire whether the witness knew the minimum mandatory sentence he would face if the government elected to prosecute him under section 176(a); and questioning of the witness regarding

---

* Honorable Alfred P. Murrah, Senior Circuit Judge of the 10th Circuit, sitting by designation.

any hope or expectation of leniency he might entertain was limited to a single question, put by the court, as to whether he had been given any *promise* about what the court or prosecutor would do for him because he had testified.

Reversed.