UNITED STATES of America, Plaintiff-Appellee,

v.

Linda L. BROWN, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Jerry Thompson PAYNE, Defendant-Appellant.

Nos. 71–2429, 71–2440.

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1972.

Certiorari Denied May 30, 1972.

See 92 S.Ct. 2069.

William L. Osterhoudt, of Cooper, White & Cooper, San Francisco, Cal., for Linda L. Brown.

Steven M. Kipperman, of Silber & Kipperman, San Francisco, Cal., for Jerry Thompson Payne.

James L. Browning, Jr., U. S. Atty., Janet Aitken, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before ELY and GOODWIN, Circuit Judges, and CROCKER, District Judge[*]

CROCKER, District Judge:

This is an appeal from a conviction under Title 18 of the United States Code, section 2113(b) (bank larceny).

A Wells Fargo Bank in Oakland, California was robbed of approximately $6500. Mrs. Hoff, the victimized teller, reported the incident and gave a description to the F.B.I. Some nine days later, after further investigation and questioning, Mrs. Hoff admitted her involvement in the crime contending she was forced to take part.[1]

Based on her statements, a Special Agent of the F.B.I. procured an arrest warrant for defendant Payne who was subsequently arrested in Alabama. With him at the time was appellant

---

[*] Honorable M. D. Crocker, United States District Judge, Fresno, California, sitting by designation.

1. Mrs. Hoff was indicted by the Government but the charges were dismissed in exchange for her testimony.

Brown who accompanied him to F.B.I. headquarters and was thereafter formally arrested.

That same day, a search warrant for appellants' automobile was issued based on an affidavit of one of the F.B.I. agents involved in the investigation.

Appellants were returned to California to stand trial.

On appeal we are asked to resolve the following issues:

1. Whether probable cause existed for issuance of the arrest warrant and the search warrant;

2. Whether the evidence supported the crime charged;

3. Whether the district court committed reversible error in sustaining an objection by the Government to a question concerning the character of the accomplice-key witness;

4. Whether a new trial should have been granted based on appellants' charge that the Government withheld a favorable witness.

Appellants contend that the arrest warrant, based solely upon an accomplice's non-spontaneous statements, was not based on probable cause, and the search incident thereto was therefore illegal under Wong Sun.[2]

In Gabriel v. United States, 366 F.2d 726, 728 (9th Cir. 1966), this circuit stated:

"(W)here a warrant is issued on the basis of an affidavit, the probable

cause or reasonable grounds necessary may be found in whole or in part on hearsay information, at least where the affidavits give some indication of the 'underlying circumstances' which show the basis of the informant's conclusions and the basis upon which the affiant concludes that the informant is reliable. The affidavits may show . . . that in the particular situation he was probably telling the truth."

[See, also: Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Porter v. United States, 335 F. 2d 602 (9th Cir. 1964); United States v. Berry, 423 F.2d 142 (10th Cir. 1970); Louie v. United States, 426 F.2d 1398 (9th Cir. 1970)].

The affidavit sets out the "underlying circumstances" sufficiently showing the basis of the informant's conclusions.[3]

An affidavit is to be interpreted in a "common sense" not a hypertechnical manner, and in a close case any doubt is to be resolved in favor of upholding the warrant. United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

Mrs. Hoff's change in her original story thereby implicating herself in the crime reasonably leads to the conclusion that she was now telling the truth. Based on her admission and identity of appellant Payne, probable cause existed for the issuance of the arrest warrant.

2. Mrs. Hoff initially claimed she had been robbed. Nine days after the incident she admitted her involvement and identified appellants.
Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

3. Affidavit of Special Agent Mavity:
"The undersigned, being duly sworn, deposes and says:
That he is a Special Agent of the Federal Bureau of Investigation, and has knowledge that the Wells Fargo Bank, Park Boulevard Office, 300 East 18th Street, Oakland, California, was robbed on July 14, 1970, by a white male who escaped with $6,500.00.
On July 23, 1970, victim teller Judith Beth Hoff was interviewed by Special

Agent William P. O'Connell, and Sergeant Clarence Lucas, Oakland Police Department. She admitted that she knew Jerry Thompson Payne, a white male, before the robbery, and conspired with him to participate in the robbery by not activating any alarms. She identified a photograph of Payne as the person who robbed her on July 14, 1970, and the person she gave $6,500 to on that date.

Victim teller Hoff advised Special Agent O'Connell and Sergeant Lucas that she cooperated with Payne because he threatened to expose her past indiscretions to her present husband if she did not do so."

■ In considering the validity of the search warrant, we are limited to the information and circumstances that were available to the magistrate at the time the warrant was issued. Aguilar v. Texas, supra.

Issuance of the search warrant was based upon the affidavit which related the following: that five different people, relatives of Payne, had seen Payne on different occasions between July 21 and July 30 in possession of the vehicle in question; that a relative was instructed by him to take the vehicle to be repaired and was given the keys; that on several occasions since July 21 he had been observed taking money from the trunk of the vehicle.

The test to be applied is stated in Durham v. United States, 403 F.2d 190, 193 (9th Cir. 1968): "(t)he facts submitted to the Commissioner must be sufficient to justify a conclusion by him that the property which is the object of the search is probably on the person or premises to be searched at the time the warrant is issued."

■ Appellants were arrested on July 30. The search warrant was issued that same day. The objects of the warrant —bank money, bags, coin wrappers and clothing worn at the time of the crime —considered in light of the above observations justify issuance of the warrant under *Durham*, supra. In addition, there was no unreasonable delay between observation of the suspicious activities and issuance of the warrant.

■ Appellant Brown argues that her statement made at the time Payne was arrested should have been suppressed as were the contents of her purse. We agree that in addition to the contents of her purse, any statement she made prior to her arrest should have been suppressed; however this error was harmless.[4]

Appellants contend that the evidence does not support the crime of larceny as

charged. Because of Mrs. Hoff's position as a "trusted employee" of the victim bank, appellants argue that at most they are guilty of embezzlement.

The distinction between the two crimes was clearly set out in Moore v. United States, 160 U.S. 268, 269, 16 S. Ct. 294, 295, 40 L.Ed. 422 (1895):

> "Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking."

■ Regardless of Mrs. Hoff's status, the evidence establishes the requisite intent coupled with a trespassory taking sufficient to constitute larceny. It was therefore not error to refuse the instruction requested by appellants.

Next, appellants argue that the lower court erred when it sustained the Government's objection to a question by defense counsel regarding the credibility of Mrs. Hoff. They cite United States v. Rodriguez, 439 F.2d 782 (9th Cir. 1971) in support of their position.

■ Latitude in cross-examination rests in the discretion of the trial judge. See, United States v. Rodriguez, supra; Beck v. United States, 298 F.2d 622 (9th Cir. 1962).

■ The "peculiar circumstances" cited in *Rodriguez* are not present in this case, nor is an abuse of discretion present.

Here, appellants argue that a new trial should have been granted because the Government withheld a witness whose testimony would have been favorable to the defense.

The witness in question was a teller who said she saw a Negro leave the

---

4. At the time of Payne's arrest, appellant Brown stated that the reason she had such a large amount of money in her pos-

session was because it represented her savings which she had buried in a fruit jar in her back yard.

bank around the time the crime took place. Both Mrs. Hoff and the teller in the next window described the man at the window prior to the robbery as white.

Thus the teller, whose testimony may have been favorable to appellants like so many other people in the bank at the time of the crime, cannot be considered an eyewitness to the crime. Because the commission of the crime did not attract attention, the field from which eyewitnesses emerge naturally becomes quite narrowed. Failure to disclose this teller's identity and testimony does not violate pretrial disclosure under Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968).

For the above reasons, the judgment of the district court is affirmed.