October 24, 1991

343

# IN THE SUPREME COURT OF THE
# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH OF THE ) APPEAL NO. 90-029,031
NORTHERN MARIANA ISLANDS, ) CRIMINAL CASE NO. 87-20
 )
 Plaintiff/Appellee, )
 )
 vs. ) OPINION
 )
HIDEKI HANADA, KOICHI YONEDA, )
YOUNG IL CHOI, (AKA EIICHI )
SAI, EIICHI KAWANO), )
 )
 Defendants/Appellants. )
_____)

Argued and Submitted March 27, 1991

Counsel for Defendants/Appellants: G. Patrick Civille
MOORE, CHING, BOERTZEL &
LAWLOR, P.C.
Suite 400, GCIC Building
414 West Soledad Avenue
Agana, GU 96910

Timothy H. Bellas
P.O. Box 2845
Saipan, MP 96950

Eric S. Basse
P.O. Box 330 CHRB
Saipan, MP 96950

Counsel for Plaintiff/Appellee: Ronald A. Hammett
Assistant Attorney General
Office of the Attorney General
2d Administration Building
Capitol Hill
Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Associate Justices.

VILLAGOMEZ, Justice:

This is an appeal from the jury convictions of the three defendants. Defendants Hanada and Yoneda were convicted of first-degree murder. Defendant Kawano was convicted of being a principal to murder.

Initially, four co-defendants were charged as accessories to the murder of Hideo Shiragami. The fourth defendant was Masayasu Koizumi ("Koizumi"). Initially, all four denied any involvement in the homicide. Later, one defendant recanted and confessed.

While the four defendants were in police custody, after being charged as accessory, Koizumi voluntarily confessed to an FBI agent that Hanada and Yoneda killed Shiragami, while Kawano acted as a lookout, and that he (Koizumi) helped clean up the blood and joined in the fabrication of their initial statements to the police.

Koizumi's confession led the government to file a superseding information, charging Hanada and Yoneda with first-degree murder, Kawano with being a principal to murder and Koizumi as an accessory after the fact.

Koizumi, through counsel, agreed to cooperate with the government in the investigation and prosecution of the case and entered into a plea agreement with the government. Under the plea agreement, he agreed to testify for the prosecution at trial, and pled guilty to being an accessory after the fact to the murder of Hideo Shiragami. The other three defendants were tried by jury.

Koizumi testified for the government about the murder and the role that each of the defendants played, including himself. This testimony contradicted those of the defendants'. After his direct testimony, he was thoroughly cross-examined by defense counsel.

Defense counsel cross-examined Koizumi about his prior false statements (i.e., that what he initially told the FBI was a lie); his hostility toward the victim; his ability to observe and remember; his own opportunity to fabricate his new version of the murder incident; his suicide attempt while awaiting trial; and his state of mind pending trial.

During cross-examination, as defense counsel probed into the plea agreement between the witness, Koizumi, and the government, the prosecutor offered to stipulate to the admission into evidence of the entire plea agreement. Defense counsel accepted the offer and the plea agreement was admitted.

After the admission of the plea agreement, defense counsel attempted to question Koizumi regarding the content and his understanding of that agreement. The government objected and the court sustained the objection on the basis that the plea agreement was in evidence, would be available to the jury, and was inappropriate for the witness to interpret it. On appeal, defendants have assigned this ruling as error, arguing that it was an abuse of discretion to restrict cross-examination on the plea

agreement and the witness' understanding of that agreement.[1]

The jury returned a verdict of guilty as to all counts on July 25, 1987.

On August 3, 1987, the defendants moved for a new trial based upon allegations of juror misconduct. They alleged that the jurors, or some of them:

1. Discussed the charges among themselves throughout the trial, despite the court's instructions not to.

2. Expressed their opinions as to the guilt of the defendants early in the trial.

3. Routinely discussed newspaper articles regarding the trial.

4. Discussed their families' feelings about the trial with other jurors.

5. Juror Faustino was excluded from deliberations because he did not speak Chamorro.

The motion for new trial was filed on a document that was not an "original" as required by Rule 7, Com.R.Prac. and was not signed in black ink, as also required by Rule 7.

The motion did not have a supporting affidavit, as required by Rule 8(a)(1), Com.R.Prac.; no certificate of service on opposing party, as required by Rule 8(b), and no notice of hearing, as

---

[1] Defendants also assert that the trial court abused its discretion by limiting cross-examination of Koizumi regarding his relationship with a Japanese translator, Mr. Horiguchi. However, no basis is shown in their brief to support the asserted abuse.

required by Rule 8(c).

The alleged facts supporting the motion were not presented in affidavit form, but rather were assertions of counsel in the memorandum of points and authorities.

The motion urged the trial court to investigate the assertion of juror misconduct and order that the defendants be granted a new trial. On August 4, 1987, a day after the motion was filed, the court summarily denied the motion.

On appeal, the defendants have assigned this ruling as error, asserting that the denial was an abuse of discretion.

The two issues raised on appeal are:

1. Whether the trial court abused its discretion by limiting the cross-examination of Koizumi regarding the plea agreement and his understanding thereof.

2. Whether the trial court abused its discretion by denying defendants' motion for a new trial based on juror misconduct.

## I.

Appellants contend that the evidentiary ruling which limited their cross-examination of Koizumi regarding the plea agreement violated their right to confront an adverse witness, guaranteed by Article I, Section 4(b) of the NMI Constitution and the Sixth Amendment to the U.S. Constitution.[2] They assert that had they

---

[2] The Sixth Amendment to the U.S. Constitution is made applicable to the CNMI by Section 501(a) of the Covenant.

been allowed to do so, they would have shown that Koizumi fabricated his testimony in order to receive certain benefits under the plea agreement. By limiting cross-examination, the trial court improperly limited their ability to show Koizumi's motive in giving false testimony.

The government asserts that the trial court did not abuse its discretion for two reasons. First, Koizumi's testimony was thoroughly corroborated by physical, scientific, and forensic evidence, and by the testimony of "disinterested witnesses." Second, there was abundant cross-examination by the defense, which were not unduly restricted.

A trial court's limitation on the scope of cross-examination is reviewed for an abuse of discretion. United States v. Kennedy, 714 F.2d 968 (9th Cir. 1983). cert. denied, 104 S.Ct. 1305 (1984).

The record shows that there was substantial evidence which corroborate Koizumi's testimony and directly contradict the defendants' testimony. These evidences include items recovered as a result of Koizumi's information; fiber analysis of the carpet found in the car and behind defendants' residence; expert testimony re pre- and post-mortem injuries; expert testimony re estimate of time of death; testimony re the car used to dispose of the body -- its locations, movements, and contents; expert testimony about human blood analysis and where the blood was found; and other circumstantial evidence.

The record also shows that, except for the limitation on

cross-examination as to the plea agreement, defendants thoroughly examined Koizumi about other relevant issues including his credibility, motivation, and the prior false statement he gave to the police. Defense counsel were given wide latitude to cross-examine Koizumi, except only when the trial court perceived no relevance and counsel could not show relevance.

So long as the jury is presented with sufficient evidence to appraise the biases and motivations of a witness, the trial court does not abuse its discretion. United States v. Feldman, 788 F.2d 544 (9th Cir. 1986), cert. denied, 107 S.Ct. 955 (1987). Here, although Koizumi's testimony directly contradicts the defense testimony, his testimony is substantially corroborated by other evidence and the defense was given ample opportunity to test his credibility. United States v. Rodriguez, 439 F.2d 782 (9th Cir. 1971).

For the above reasons, we hold that the trial court did not abuse its discretion in not permitting the defense to cross-examine Koizumi's understanding of the plea agreement.

## II.

A denial of a motion for a new trial based on alleged juror misconduct is reviewed for an abuse of discretion. Hand v. Burlington Northern R.R., 812 F.2d 482 (9th Cir. 1987). In considering allegations of juror misconduct, the trial court maintains broad discretion. United States v. Aguon, 813 F.2d 1413

350

(9th Cir. 1987). Whether or not to hold an evidentiary hearing depends upon the content of the motion, the seriousness of the alleged juror misconduct, and the credibility of the source. <u>Hand v. Burlington Northern R.R.</u>, <u>supra</u>.

Here, the trial court denied the motion for new trial on two grounds. First, the movants failed to comply with the court's rules of practice and failed to properly notice the motion for a hearing. Second, the movants failed to file a supporting affidavit, and instead, presented their factual assertions in the memorandum of points and authority.

As to the first ground, we uphold the trial court's basis that a movant should comply with the requirements of court rules and properly notice his/her motion for a hearing. See <u>People of Micronesia, Inc., et al. v. Continental Air Lines, Inc., et al.</u>, 2 CR 740 (D.N.M.I. 1986).

With respect to the second ground, the movants not only failed to present supporting facts by affidavit, but also failed to show the <u>sources</u> of their information. They failed to sufficiently establish why the court should investigate. <u>Hand v. Burlington Northern R.R.</u>, <u>supra</u>.

Evidentiary hearing involving juror misconduct should be avoided because it may subject jurors to harassment, increase temptation for jury tampering, and create uncertainty in jury verdicts. A post-trial jury hearing should be held only when a party comes forward with clear, strong, substantial, and

incontrovertible evidence that a specific nonspeculative impropriety has occurred. <u>United States v. Lanniello</u>, 866 F.2d 540 (2nd Cir. 1989). Defendants failed to reach that threshold.

For the above reasons, we also hold that the trial court did not abuse its discretion by denying the defense motion for a new trial.

The jury convictions of the defendants and the court order denying the motion for a new trial are hereby AFFIRMED.

Dated this 24th day of October, 1991.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice