**Donald Dean THURMAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18236.**

United States Court of Appeals Ninth Circuit.

April 16, 1963.

Robert M. Westberg, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and MADDEN, Judge of the Court of Claims.

BROWNING, Circuit Judge.

 1. It was error to suggest by leading questions on cross-examination of appellant that he had participated in specific acts of criminal conduct, not resulting in convictions, other than those with which he was charged. The questions could not be justified as impeachment; "only a *conviction* . . . may be inquired about to undermine the trustworthiness of a witness." Michelson v. United States, 335 U.S. 469, 482, 69 S.Ct. 213, 93 L.Ed. 168 (1948) (emphasis added); United States v. Provoo, 215 F.2d 531, 536 (2d Cir. 1954). Nor were the acts relevant to prove a common scheme or plan, as the government now contends, for there was not the slightest evidence that appellant was in fact connected in any way with these incidents, nor they with the crime charged.

The government suggests that the error was "technical" and, in the light of the whole record, harmless. But the prejudicial effect of such material is notorious. 1 Wigmore, Evidence § 194 (3d ed. 1940); McCormick, Evidence 327 (1954). Indeed, the danger is so strong that the jury will infer from unrelated criminal conduct that the defendant probably committed the offense charged, or will condemn the defendant either for the unrelated conduct or simply because he is a bad person, regardless of his guilt or innocence of the offense charged, that admission of such material is treated as obviously prejudicial and admonitory instructions are commonly considered inefficacious. See, e. g., United States v. Magee, 261 F.2d 609 (7th Cir. 1958); Sang Soon Sur v. United States, 167 F.2d 431, 433 (9th Cir. 1948). Cf. Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959); United States v. Jacangelo, 281 F.2d 574 (3d Cir., 1960).

We cannot say that in this case the error "did not influence the jury, or had but very slight effect." Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 1247, 90 L.Ed. 551 (1946). See Hawkins v. United States, 358 U.S. 74, 79, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958). There must, therefore, be a new trial.

 2. Appellant asserts that certain remarks of the trial judge limited the cross-examination of the principal government witness, a co-conspirator who had pleaded guilty and whose prior sentence was still subject to modification. It is not likely that the incident will recure, but it may be well to say that cross-examination directed to the possible bias or prejudice of this witness, arising from the hope that his own sentence might be reduced as a result of his testimony, was clearly proper. United States v. Hogan, 232 F.2d 905 (3d Cir. 1956); Farkas v. United States, 2 F.2d 644, 647 (6th Cir. 1924). Appellant was entitled to explore it fully and to have the benefit of whatever effect it might have had upon the jury.