Gilberto **DUARTE-RIOS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18289.

United States Court of Appeals
Ninth Circuit.

April 29, 1963.

William A. Dougherty, Santa Ana, Cal., for the appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and J. Brin Schulman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and BURKE, District Judge.

PER CURIAM.

Appellant was convicted of violating 8 U.S.C.A. § 1326, which makes it a felony for an alien who has been arrested and deported to thereafter re-enter the United States unless the Attorney General has consented to the alien's reapplication for admission. As evidence of appellant's initial deportation, the government offered the Warrant of Deportation, endorsed as having been executed. Appellant objected to the admission of the document on the ground that in reciting the basis for appellant's deportation the warrant disclosed that appellant had been convicted of illegal possession of a narcotic drug (see 8 U.S.C.A. § 1251 (a) (11))—a crime unrelated to that for which appellant was then being tried. The objection was overruled. The government later introduced, without objection, a statement signed by appellant admitting in detail commission of the offense charged under 8 U.S.C.A. § 1326, which also included a recitation of the prior narcotics conviction. The admission of these two references to the prior conviction is the sole basis of the present appeal.

■ We will assume that the admission of these references was error. We also recognize "that admission of such material is treated as obviously prejudicial and admonitory instructions are commonly considered inefficacious." Thurman v. United States, 9th Cir., 1963, 316 F.2d 205, 206. Nonetheless, we conclude that in the circumstances of this case appellant's "substantial

rights" were not affected. Fed.R.Crim. P. 52(a).

Appellant's sole defense was that he may have been naturalized during his service in the Armed Forces of the United States. It was undisputed that appellant was admitted to the United States as an alien on March 9, 1954. It was admitted that he was an alien when inducted into the Armed Forces on November 8, 1955. He was honorably discharged on August 12, 1957. He testified that while in the armed service, before embarking for overseas duty, he and other non-citizens in his unit were asked to sign "some kind of papers." He did not read or understand English well at the time and did not know what the papers were, and, specifically, did not know whether they were an application for citizenship. He further testified that he had made no application for naturalization on any other occasion. A document issued to appellant at the time of his discharge had a typewritten "X" in the block marked "yes" following the heading "U.S. Citizen." The government introduced various other official records indicating that appellant was an alien at all pertinent times and had not been naturalized, and presented oral testimony to show how error might have occurred in completing the blanks in the discharge document.

The jury was instructed that appellant could not have met the requirements for naturalization unless he had (1) resided continuously in the United States for five years (8 U.S.C.A. § 1427(a)), or (2) served honorably in the Armed Forces of the United States for three years (8 U.S.C.A. § 1439(a)), or (3) served honorably in an active duty status during the period between June 25, 1950, and July 1, 1955 (8 U.S.C.A. § 1440). Appellant has not challenged the accuracy of those instructions in this court.

On the basis of the instructions the evidence of appellant's guilt was more than overwhelming; it was conclusive. It was undisputed that: (1) appellant had resided in the United States only

three years and four months at the time of his discharge from the Armed Forces; (2) he served in the Armed Forces only twenty-one months; and (3) he was not inducted until after July 1, 1955. Since there was no rational basis upon which the jury could have reached any verdict but that of guilty, the error complained of could not have affected appellant's substantial rights. See Lutwak v. United States, 344 U.S. 604, 619–620, 73 S.Ct. 481, 97 L.Ed. 593 (1953); Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); Sawyer v. United States, 112 U.S.App. D.C. 381, 303 F.2d 392, 395 (1962); Homan v. United States, 279 F.2d 767, 773 (8th Cir., 1960); United States v. Sheba Bracelets, 248 F.2d 134, 144–145 (2d Cir., 1957); United States v. Spadafora, 181 F.2d 957, 959 (7th Cir., 1950).

Finally, although it would not be curative if possible prejudice otherwise appeared, we should in fairness note that the government sought to minimize the adverse effect of the references to appellant's prior conviction. Government counsel omitted any reference to it in reading the Warrant of Deportation to the jury and made no mention of the matter in cross-examination of appellant or at any other time during trial prior to summation. It was referred to in government counsel's closing argument only to emphasize the limited purpose for which the documents containing the references were to be considered by the jury.*

Affirmed.

* The references by government counsel were as follows:
"The Warrant of Deportation reads on its face 'alien' and also recites the crime of which he was convicted. You are not here to determine whether or not he was guilty of that crime or whether or not he should be guilty of the crime charged in this indictment because he may or may not have been guilty of a crime in 1960. That is not before you for concern. The only reason that Warrant of Deportation was put in evidence by the Government is to show that the man was deported."

And with respect to the confession: "We are not looking to see if the man's character or morals are good or bad, and for all intents and purposes the Government would submit that this man's moral character is fine. We are not trying him —the evidence isn't being submitted to you for any other purpose than to prove the charges in the indictment that were read to you at the outset of this trial, and that is that the defendant was arrested and deported from the United States in 1960."