**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harold Lee BAGSBY, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Nathaniel ENDSLEY, Defendant-Appellant.**

**Nos. 73–1944, 73–1945.**

United States Court of Appeals,
Ninth Circuit.

Dec. 13, 1973.

Charles T. McCutcheon, LaMesa, Cal., Kevin J. McInerney, San Diego, Cal., for defendant-appellant.

---

Harry D. Steward, U. S. Atty., Lyn I. Goldberg, James Meyers, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before CHOY and WALLACE, Circuit Judges, and CARR,* District Judge.

## OPINION

PER CURIAM:

This is a consolidated appeal from a judgment of conviction after a joint jury trial in which appellants Harold Lee Bagsby and Nathaniel Endsley were found guilty of importation, possession with intent to distribute, and conspiracy to import and possess four ounces of heroin. Endsley alone was also found guilty of attempted importation of cocaine. Appellants were sentenced to three year terms on each count to run concurrently. We affirm.

Appellants were arrested at the San Ysidro, California port of entry as they were driving across the border from Mexico. After noticing appellants' nervous behavior, customs officers ordered them to drive the car to a secondary inspection area. There the officers discovered beneath the car's right rear ashtray two plastic bags of heroin and one bag of procaine (a cutting agent used to reduce the strength of hard narcotics). The officers also found a smaller quantity of procaine on the person of Endsley.

After thus searching and arresting appellants, the officers noticed one, Jessee Newton, standing next to the car. Newton, who owned the car, had driven into Mexico with appellants but was walking across the border. When he saw his car being detained, Newton returned to the secondary inspection area. The officers then arrested Newton also.

Before trial, Newton's case was severed from that of appellants. Thereafter, Newton incriminated appellants as to the purchase of the narcotics when he testified as a government witness.

Appellants raise several alleged errors, but only two related claims involving Newton's cross-examination merit discussion. Appellants contend they were denied their Sixth Amendment right to confront former co-defendant Newton when the trial court restricted their cross-examination with respect to 1) a polygraph examination taken by Newton; and 2) Newton's state parole status.

■ Newton apparently took a lie detector test,[1] but the results were inconclusive since he neither passed nor failed the examination. Counsel for appellant Endsley nonetheless asked Newton about the results of that examination. Counsel, without laying a foundation as to any aspect of the alleged polygraph examination taken by Newton, cunningly asked the following as his first question to Newton on cross-examination: "Mr. Newton, with regard to your testimony in this case, isn't it a fact that recently you were unable to pass a lie detector test?" The trial court sustained an objection to the question. Appellants claim that was error, not because the results of the tests impeached Newton's veracity, but because the fact of his having taken the exam was relevant to his state of mind about deciding to testify. This attempts to add a new wrinkle to the use of polygraph examinations since whether Newton passed or failed the examination becomes irrelevant. Instead, the mere taking of the examination itself is advanced for the purpose of attacking credibility by inferring therefrom a motive to testify falsely.

We find no abuse of the trial court's discretion in rejecting the introduction of the polygraph evidence. United States v. De Betham, 470 F.2d 1367, 1368 (9th Cir. 1972); United States v. Sala-

---

* The Honorable Charles H. Carr, United States District Judge for the Central District of California, sitting by designation.

1. There is no evidence in the record that Newton took a polygraph exam. The only corroboration is contained in the government's brief where it is stated that according to Newton's attorney, Newton did take such an examination.

zar-Gaeta, 447 F.2d 468, 469 (9th Cir. 1971); United States v. Sadrzadeh, 440 F.2d 389, 390 (9th Cir. 1971).

■ Appellants contend that precluding inquiry into Newton's state parole status also deprived them of their right to confront this witness against them. Since Newton's motive in becoming a government witness was not only to avoid prosecution, but also to avoid revocation of his state parole, appellants maintain they should have been able to cross-examine him about the latter. It is well established that the scope and extent of cross-examination is within the trial court's sound discretion. Smith v. Illinois, 390 U.S. 129, 132, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); United States v. Haili, 443 F.2d 1295, 1299 (9th Cir. 1971); Beck v. United States, 298 F.2d 622, 629 (9th Cir. 1962). However, when the witness is an accomplice, wide latitude in cross-examination is generally allowed in order to give opposing counsel the maximum opportunity to test the witness' credibility by exploring his motivations for testifying. Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447 (1953); United States v. Rodriguez, 439 F.2d 782, 783 (9th Cir. 1971); Thurman v. United States, 316 F.2d 205, 206 (9th Cir. 1963).

■ Newton was cross-examined thoroughly about his motives and expectations in becoming a government witness. Twice he admitted that although the government had made no promises, he was hoping that the federal indictment against him would be dismissed in return for his testimony. The only inquiry foreclosed on cross-examination occurred after Newton admitted being on parole from the California Youth Authority and the trial court allowed no further questions regarding his state parole. Appellants were given a full opportunity, however, to argue to the jury concerning Newton's motives as to both expectations that federal charges would be dismissed and that state parole would

not be revoked. "We therefore hold that there was no prejudicial error in the evidentiary ruling which is challenged, although at the same time, we reiterate our opinion that wide latitude in the right of cross-examination should always be afforded." Ray v. United States, 412 F.2d 1052, 1055 (9th Cir. 1969); *See* Singleton v. United States, 381 F.2d 1, 4 (9th Cir. 1967); Harris v. United States, 371 F.2d 365, 367 (9th Cir. 1967).

Since the sentences are concurrent we do not reach appellant Endsley's other contentions concerning the attempt to import cocaine. United States v. Moore, 452 F.2d 576 (9th Cir. 1971).

Affirmed.