Argued July 18, affirmed August 26, reconsideration denied
September 18, petition for review allowed October 22, 1974

## STATE OF OREGON, *Respondent, v.* MICHAEL DOUGLAS BURR (No. 43051), *Appellant.*

525 P2d 1067

*Edward L. Daniels,* Albany, argued the cause for appellant. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

*Dawn D. Bennett,* Certified Law Student, Salem, argued the cause for respondent. With her on the brief

were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

Upon trial without a jury, defendant was convicted of arson in the first degree, ORS 164.325. On appeal he makes four assignments of error. One does not warrant discussion. The other three address a single issue: may the credibility of a witness who is a juvenile be impeached by evidence that in a juvenile proceeding he admitted an act which, if committed by an adult, would constitute a crime within the meaning of ORS 45.600, which states:

> "A witness may be impeached by the party against whom he was called, * * * but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

An admission of perpetration of an act is not the equivalent of an adjudication that the act constituted a crime. Further, by statute, ORS 419.543, "a[n] adjudication by a juvenile court that a child is within its jurisdiction is not a conviction of a crime or offense." The basic statute, the intent of which is furthered by ORS 419.543, is ORS 419.567 (3), which reads in pertinent part:

> "No information appearing in the record of the case [the juvenile proceeding] * * * relating to the child's history * * * may be disclosed * * * without the consent of the [juvenile] court * * *."

Furthermore, assuming for the sake of argument that ORS 45.600 was susceptible of the broad interpretation defendant seeks, we would be going against the thrust of current judicial thinking if we were to so interpret it. See the majority and dissenting opinions in *Marshall v. Martinson,* 268 Or 46, 518 P2d 1312 (1974), and authorities cited therein.

Defendant argues that *Davis v. Alaska,* 415 US 308, 94 S Ct 1105, 39 L Ed 2d 347 (1974), holds that the interpretation we give the above statutes would violate his Sixth Amendment right to confront witnesses against him. We do not so read *Davis* but, rather, interpret it as holding solely that the confidentiality of a juvenile offender's record must give way to the right of "effective cross-examination for *bias* of an adverse witness."[1] (Emphasis supplied.) 39 L Ed 2d at 356.

In the case at bar, two state's witnesses were juveniles, each of whom had admitted to a series of

---

[1] The dissent does not disagree that Davis v. Alaska, 415 US 308, 94 S Ct 1105, 39 L Ed 2d 347 (1974), involved impeachment to establish bias, but would apparently hold that whenever a party desires to impeach a young witness by showing a juvenile court adjudication of delinquency, this necessarily includes an attempt to show bias. This disregards the long-recognized distinction between impeachment by showing bias, a relatively direct attack on credibility, versus impeachment by showing prior conviction, a relatively collateral attack on credibility. This distinction was recognized by defense counsel at trial when he stated his desire to impeach the juvenile witness was limited to the latter:

"We are attacking the veracity of the witness, Your Honor, and we are not bringing out that that's a crime; we are just trying to find out what kind of a guy we are talking to here."

However, we concede that the position adopted by the dissent can be supported by some of the broad language in *Davis.* But we are persuaded to limit our decision to the more narrow holding of *Davis* because otherwise the practice of impeachment by prior convictions, a practice subject to considerable contemporary debate, would be elevated from its present statutory basis, ORS 45.600, subject to change by the legislature, to an immutable constitutional basis.

burglaries in juvenile court proceedings. The defendant made no showing at trial nor does he contend on appeal that the inquiries he sought to make concerning the juveniles' admissions related to "bias," *see,* n 1 supra, or anything more than an attempt to use the admissions as the equivalent of previous convictions of crimes for the purpose of attacking the juveniles' credibility by treating the admissions as the equivalent of convictions under ORS 45.600.

Affirmed.

FORT, J., dissenting.

The concept of anonymity for the juvenile offender has its roots in society's belief that because of his immaturity, the juvenile's acts should be measured by different and less rigorous standards than that accorded to adults. Because the state has extended a protective arm and guiding hand for the benefit of the juvenile—and for society—does not imply, however, that his unlawful acts are any less unlawful than is a similar act committed by an adult. Nor in my view does it imply that he is exempt when cross-examined as a witness, whether in a juvenile or adult proceeding, from what would be otherwise proper cross-examination were he an adult, including matters relevant to his credibility.

Here, the 17-year-old witness was, by his own testimony, present with the defendant within the building at the time the crime charged was committed. He was there under circumstances which might well support an inference by the trier of fact that he was himself engaged in the commission of a burglary. Although the defendant here was tried for arson, he was also at the time, under the state's theory, engaged in

the commission of a burglary with the juvenile witness. ORS 164.215.

The purpose of the effort here to show that the juvenile witness had committed forty-odd burglaries and had been adjudicated a delinquent by reason thereof, necessarily included an attempt to show bias. That the witness had a strong self-interest which might, in the mind of the trier of fact, significantly affect his credibility seems clear to me on these facts.

McCormick, Evidence 78-80, § 40 (hornbook series, 2d ed 1972), discusses at length the meaning of bias with respect to the scope of cross-examination in connection with impeachment. The author states:

> "Bias.
> "The law recognizes the slanting effect upon human testimony of the emotions or feelings of the witness toward the parties or the self-interest of the witness in the outcome of the case. Partiality, or any acts, relationships or motives reasonably likely to produce it, may be proved to impeach credibility. The kinds and sources of partiality are too infinitely varied to be here reviewed, but a few of the common instances may be mentioned. * * * *Self-interest* may be shown also in a criminal case when the witness testifies for the state and it is shown that an indictment is pending against him, or that he is an accomplice or co-indictee in the crime on trial. * * *"

*See also: State v. Moore et al,* 180 Or 502, 507, 176 P2d 631, 177 P2d 413, *cert denied* 332 US 763, 68 S Ct 68, 92 L Ed 349 (1947).

Indeed, the state here, in objecting to the cross-examination, did not contend the proffered evidence did not tend to show bias. Rather, it simply took the position that, since he was a juvenile, his acts in com-

mitting the burglaries and his adjudication as a delinquent did not constitute a crime and were thus not admissible under ORS 45.600.[①]

In *Davis v. Alaska,* 415 US 308, 94 S Ct 1105, 1112, 39 L Ed 2d 347 (1974), the court, in reversing a conviction, said:

"The State's policy interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness. The State could have protected Green from exposure of his juvenile adjudication in these circumstances by refraining from using him

---

[①] Independently of the constitutional question of confrontation and cross-examination upon which Davis v. Alaska, 415 US 308, 94 S Ct 1105, 1112, 39 L Ed 2d 347 (1974), is based, the meaning of the word "crime" under ORS 45.600 and its relationship to impeachment of juveniles under that statute warrants examination. That statute was enacted in 1862 and remains unchanged. Deady, General Laws of Oregon 1845-64, Code on Civil Procedure, ch 9, pp 354-55. No juvenile code existed at that time nor did ORS 419.543 or ORS 419.567 (3), upon which the majority in part relies, in any other form. It is clear, therefore that as originally enacted the acts which here resulted in the witness' adjudication as a delinquent would doubtless have resulted in his conviction of a "crime" at the time the statute was enacted. Nothing in its statutory history requires the conclusion that the legislature in enacting the Juvenile Code intended in any way to limit the right granted to impeach a witness under ORS 45.600 by eliminating offenses committed by juveniles.

Additionally, the Legislative Interim Committee on Judicial Administration Report, Part II, Juvenile Law 26, § 46 (1959), discusses the purpose of what is now ORS 419.467 (3) in part, as follows:

"Subsection (3) of section 46 is designed to assure maximum disclosure of facts in the juvenile court. It provides that information brought out in the juvenile court may not be used as evidence elsewhere in any civil or criminal proceeding *against the child.* * * *" (Emphasis supplied.)

Here, the excluded evidence was not being used in a proceeding brought against the child. However, since I believe this case is governed by *Davis,* I conclude it is not necessary to decide this question.

to make out its case; the State cannot, consistent with right of confrontation, require the petitioner to bear the full burden of vindicating the State's interest in the secrecy of juvenile criminal records. * * *"

In *Davis*, the court also said:

"We cannot accept the Alaska Supreme Court's conclusion that the cross-examination that was permitted defense counsel was adequate to develop the issue of bias properly to the jury. While counsel was permitted to ask Green *whether* he was biased, counsel was unable to make a record from which to argue *why* Green might have been biased or otherwise lack that degree of impartiality expected of a witness at trial. On the basis of the limited cross-examination that was permitted the jury might well have thought that defense counsel was engaged in a speculative and baseless line of attack on the credibility of an apparently blameless witness or, as the prosecutor's objection put it, a 'rehash' of prior cross-examination. On these facts it seems clear to us that to make any such inquiry effective, defense counsel should have been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. Petitioner was thus denied the right of effective cross-examination which ' "would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." Brookhart v. Janis, 384 U.S. 1, 3, 86 S. Ct. 1245, 1246, 16 L. Ed. 2d 314.' Smith v. Illinois, 390 U.S. 129, 131, 88 S. Ct. 748, 750, 19 L. Ed. 2d 956 (1968)." 94 S Ct at 1111.

I believe this case is governed by the holding in *Davis v. Alaska,* supra, and conclude that the defend-

ant was in fact[②] denied the right of effective cross-examination.

Accordingly, I respectfully dissent.

---

[②] This case, pursuant to waiver, was tried to the court without a jury. Ordinarily in such a case, where the record, as here, shows the court in the course of argument on the admissibility of the evidence in question was substantially advised of the juvenile record of the witness, the existence of prejudicial error might well be questioned. Here, however, the record shows that the court expressly ordered that such evidence be stricken. It also shows the following statement by the court:

"THE COURT: I would comment, there is no testimony as to criminal record, and in this regard—this is interrupting your argument—I would point out to the defendant that the statute provides rather clearly that the only permissible use of a juvenile record is in dispositional hearings in Juvenile Court or in sentencing in adult court. The State didn't object but I firmly believe that is the law. The State did limitedly object. That is the law and I shall consider that in this proceeding."

From the foregoing it seems clear the court in its deliberation upon the facts accorded, as a matter of law, no weight to the attempted impeachment of the witness.