SCHWARTZ, ALAN R., Associate Judge.
The appellant-juvenile was adjudicated a delinquent below based upon a finding that he committed a robbery while carrying a weapon. The trial judge, over defense counsel’s objection, permitted the state on cross-examination to impeach the testimony he had offered on his own behalf by demonstrating that he had previously been adjudicated a delinquent.[1] This was reversible error.
Pursuant to Section 90.08, Florida Statutes (1975), any witness may be impeached *1296 upon a showing of his “conviction of any crime.” Section 39.10(5), Florida Statutes (1975), however, specifically provides that:
“An adjudication by a court that a child is a . . . delinquent child shall not be deemed a conviction, nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication . . .”
Applying the clear terms of identical or equivalent statutes, the courts have consistently held that a witness, and particularly a defendant, may not be impeached by a showing of prior juvenile adjudications. E. g., State v. Reynolds, 41 N.J. 163, 195 A.2d 449 (1963), cert. den., 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050 (1964); People v. Peele, 12 N.Y.2d 890, 237 N.Y.S.2d 999, 188 N.E.2d 265 (1963); State v. Burr, 18 Or.App. 494, 525 P.2d 1067 (1974); 81 Am.Jur.2d, Witnesses, § 575, pp. 580-581; see Jackson v. State, 336 So.2d 633, 635 (Fla. 4th DCA 1976). We agree with these decisions. On this record, moreover, we cannot say that the error was harmless. The judgment below is therefore reversed and the cause remanded for a new trial.
REVERSED and REMANDED.
CROSS and DOWNEY, JJ., concur.

. The state showed further that a prior adjudication was for armed robbery. Even if (as, we hold, is not the case) any impeachment based on the earlier delinquency proceeding was correct, it was plainly im proper to go further than to show the existence and the number of “convictions;” the “crime” involved in a prior “conviction” may plainly not be established. Jackson v. State, 336 So.2d 633, 635-636 (Fla. 4th DCA 1976); Irvin v. State, 324 So.2d 684 (Fla. 4th DCA 1975); Jones v. State, 305 So.2d 827 (Fla. 4th DCA 1975).