Michael Douglas BURR, Petitioner-Appellee,

v.

G. E. SULLIVAN, Superintendent, Oregon State Correctional Institution, Respondent-Appellant.

No. 77–2294.

United States Court of Appeals, Ninth Circuit.

May 9, 1980.

584

W. Michael Gillette, James A. Redden, Atty. Gen., Catherine Allan, Asst. Atty. Gen., Salem, Or., for respondent-appellant.

Elliot Holden, Portland, Or., for petitioner-appellee.

Before WALLACE and KENNEDY, Circuit Judges, and LARSON,* District Judge.

KENNEDY, Circuit Judge:

This case comes to us as an appeal from an order of the district court granting a habeas corpus petition. The District Court for the District of Oregon held that appellee Michael Burr was denied his right of confrontation when the Oregon state court trying him for arson prohibited Burr's attorney from asking Burr's alleged accomplices about burglaries which they had admitted in prior juvenile proceedings pertaining to other crimes. We affirm.

---

* Honorable Earl R. Larson, United States District Judge for the District of Minnesota, sitting by designation.

In the state court appellee was charged with arson for setting a high school on fire. He was tried as an adult and without a jury. He was convicted of First Degree Arson under Or.Rev.Stat. § 164.325. The state presented no physical evidence linking appellee to the arson. It based its case on the testimony of two juvenile accomplices. One juvenile testified that he drove appellee to and from the high school and that he saw appellee set the fire. The other juvenile testified that he witnessed the arson and that he carried the gasoline can back to the car.

On cross-examination, one of the witnesses testified that he had admitted to the commission of fifty-two burglaries in a juvenile proceeding conducted after the arson. The state objected to this line of questioning, arguing that Or.Rev.Stat. § 419.567(3)[1] prohibited disclosure of the juvenile proceedings. The trial court granted the state's motion to strike the testimony.

The other juvenile accomplice also admitted on cross-examination that he had admitted to the commission of forty-eight burglaries in a juvenile proceeding after the arson. Though objection was not made by the state, the trial judge interrupted the defense attorney's closing argument to state that no consideration would be given to the juvenile adjudications. The state trial judge stated: "[T]he only permissible use of a juvenile record is in dispositional hearings in juvenile court or in sentencing in adult court. The state didn't object but I firmly believe that is the law . . . and I shall consider that in this proceeding."

Burr argues that the refusal of the state court to permit questioning of the first witness about the juvenile proceedings and the striking of the testimony of the second witness violated his right to confrontation guaranteed by the sixth and fourteenth amendments. *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The

Court of Appeals of Oregon rejected the argument that Burr had been denied the right to confrontation, *State v. Burr*, 18 Or.App. 494, 525 P.2d 1067 (1974), and the Supreme Court of Oregon denied review. Burr thus exhausted his state court remedies before bringing this habeas corpus action in federal district court. We conclude, for the reasons that we set forth below, that granting the habeas corpus petition was proper.

The case of *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), contains the rule that we find controlling here. In *Davis* the Supreme Court reversed a state conviction because the trial court refused to permit the defense to cross-examine the state's key witness about his prior juvenile adjudications and his probation status. The juvenile witness had presented testimony linking the defendants to the crime. Though the defense attempted to cross-examine the witness about the juvenile offenses and his probation status to show the possible bias or self-interest the witness might have in cooperating with the police and in shifting suspicion from himself, the state court relied on an Alaska statute, similar to the Oregon statute invoked here, to reject evidence concerning the juvenile proceedings. The Supreme Court ruled that the defendant's constitutional right of confrontation overcame the state's interest in keeping juvenile proceedings confidential. The Court declared:

> The State's policy interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness. The State could have protected Green from exposure of his juvenile adjudication in these circumstances by refraining from using him to make out its case; the State cannot, consistent with the right of confrontation, require the petitioner to bear the full burden of vindicating the State's interest in the secrecy of juvenile criminal records.

---

1. The statute provides:

No information appearing in the record of the case [juvenile proceeding] . . . re-

lating to the child's history . . . may be disclosed . . . without the consent of the [juvenile] court . . . .

*Id.* at 320, 94 S.Ct. at 1112. Oregon's interest in protecting the confidentiality of its juvenile proceedings must similarly give way here to the defendant's right to cross-examine the state's witnesses to show bias.

That a possible bias or self-interest of the witnesses is present here is indisputable. There is a stronger showing of potential bias here than in *Davis*. Here Burr's admitted accomplices testified against him. They had, in proceedings conducted subsequent to the arson, admitted to the commission of 52 and 48 burglaries. The record reveals that the witnesses, at the time of Burr's trial, were under the jurisdiction of the juvenile court and subject to further proceedings before it. A strong motive for them to cooperate with the state was present. Burr's counsel was unable to question the witnesses to determine whether they had been promised leniency in these juvenile proceedings in return for their testimony against Burr. He was prevented also from determining whether the witnesses' testimony was in any way affected by an expectation of lenient treatment in return for their testimony.

■ The right to confront witnesses guaranteed by the sixth and fourteenth amendments includes the right to cross-examine witnesses to show their possible bias or self-interest in testifying. *Davis v. Alaska, supra; United States v. Bleckner,* 601 F.2d 382 (9th Cir. 1979); *Skinner v. Cardwell,* 564 F.2d 1381 (9th Cir. 1977), cert. denied, 435 U.S. 1009, 98 S.Ct. 1883, 56 L.Ed.2d 392 (1978); *United States v. Alvarez-Lopez,* 559 F.2d 1155 (9th Cir. 1977). As the Supreme Court declared in *Davis* :

> The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Greene v. McElroy,* 360 U.S. 474, 496 [79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377] (1959).

. . . [T]he jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on Green's testimony which provided "a crucial link in the proof . . . of petitioner's act." *Douglas v. Alabama,* 380 U.S., at 419 [85 S.Ct., at 1077.] The accuracy and truthfulness of Green's testimony were key elements in the State's case against petitioner. The claim of bias which the defense sought to develop was admissible to afford a basis for an inference of undue pressure because of Green's vulnerable status as a probationer, cf. *Alford v. United States,* 282 U.S. 687 [51 S.Ct. 218, 75 L.Ed. 624] (1931), as well as of Green's possible concern that he might be a suspect in the investigation.

415 U.S. at 316–18, 94 S.Ct. at 1110–1111.

The Court of Appeals of Oregon held that the rule announced in *Davis* did not apply to this case because the defense attempted to introduce evidence of the juvenile proceedings as a general or collateral attack on the credibility of the witnesses and not for the purpose of showing bias. It based its ruling on the following statement of the defense counsel: "We are attacking the veracity of the witness, Your Honor, and we are not bringing out that that's a crime; we are just trying to find out what kind of guy we are talking to here."

The state appellate court required Burr's attorney, as a prerequisite to his cross-examination about the juvenile proceedings, to state that he intended to use the testimony to show the bias or self-interest of the witness. Failure to articulate the precise theory of bias in advance of the cross-examination, in the state court's view, prevented the defense from asking questions which might lead it to that theory and establish a record for later arguing that theory. We hold the restrictions on cross-examination were not adequate to preserve the constitutional rights of the defendant in these circumstances.

The possibility of bias or self-interest on the part of the witness was apparent. An accomplice not being tried for the offense

in which he participated, and who has in proceedings after the crime admitted to the commission of other offenses (more than forty burglaries), can be expected to have a self-interest in testifying for the Government. Here, implicit in the defense strategy was an attempt to inquire whether the witness was cooperating with the state. A desire to cooperate may be formed beneath the conscious level, in a manner not apparent even to the witness, but such a subtle desire to assist the state nevertheless may cloud perception.

Appellant argues that unless the defense is required to articulate the precise theory of bias before being permitted to question the witnesses about earlier criminal proceedings, the right to impeach general credibility by using past criminal offenses would be elevated to a constitutional principle. We do not so hold. Various aspects of this case foreclose such a far-reaching result. The witnesses here were admitted accomplices of the defendant, and they were continuing under the jurisdiction of the juvenile court after having confessed to other offenses in proceedings subsequent to the crime. The center point of possible self-interest here is not the fact that the witnesses had committed the other crimes but the fact that they had admitted to them in proceedings conducted before the defendant's trial and were under the continuing jurisdiction of the juvenile court. This jurisdiction may have influenced the witnesses to cooperate with the state in the arson trial. Our conclusion might be different if the witnesses were not accomplices of the accused or if their admission to prior offenses occurred in proceedings that were wholly terminated prior to commission of the crime for which the accused was charged so that there was no possible motive to cooperate with the state.

■ Appellant's contention that a proper foundation was not established for the cross-examination fails also because in the circumstances of this case the requirement unduly restricted the proper scope of cross-examination required under the confrontation clause. As the Supreme Court stated in *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931):

Counsel often cannot know in advance what pertinent facts may be elicited on cross-examination. For that reason it is necessarily exploratory; and the rule that the examiner must indicate the purpose of his inquiry does not, in general, apply. It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them.

*Id.* at 692, 51 S.Ct. at 219 (citations omitted). We acknowledge that defense counsel's explanation for his line of questioning was not a model of precision or clarity and that he did not articulate very well the purpose we ascribe to him here. It is possible he did not want to explain his precise reasons because the witness could overhear him. The record does not indicate whether the exchange of remarks between the court and the counsel was outside the hearing of the witness. The defense did make clear that it was probing the witness's credibility. This showing was sufficient under *Alford* to enable it to continue its cross-examination of the witness on the subject of the juvenile proceedings.

■ We have repeatedly held that when the Government's case turns on the credibility of a witness, then "[d]efense counsel . . . must be given a maximum opportunity to test the credibility of the witness." *United States v. Brady*, 561 F.2d 1319, 1320 (9th Cir. 1977); *see United States v. Harris*, 501 F.2d 1 (9th Cir. 1974). Such wide latitude in cross-examination is especially appropriate when the key witness is an accomplice of the accused. *Gordon v. United States*, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447 (1953); *United States v. Bagsby*, 489 F.2d 725, 727 (9th Cir. 1974) (per curiam); *United States v. Rodriguez*, 439 F.2d 782, 783 (9th Cir. 1971) (per curiam); *Thurman v. United States*, 316 F.2d 205, 206 (9th Cir. 1963). The scope of cross-examination is generally a matter within the sound discretion of the trial court. *Smith v. Illinois*,

390 U.S. 129, 132, 88 S.Ct. 748, 750, 19 L.Ed.2d 956 (1968); *United States v. Bagsby, supra,* 489 F.2d at 727; *United States v. Haili,* 443 F.2d 1295, 1299 (9th Cir. 1971). When, however, an accomplice of the defendant is cross-examined about crimes which he has admitted in proceedings conducted after the offense for which the defendant is being tried, and when the use of such past offenses to show the potential bias of the witness is apparent, then the failure of the defense to identify the precise theory of bias at the outset of cross-examination does not block it from bringing the admission of the crimes before the trier of fact. This is especially the case where, as here, the defense counsel expressly noted that he was attempting to test the witness's credibility.

■ There is a further, alternative ground to support our ruling. The state trial court sua sponte declared that it would not, as the trier of fact, give any consideration to the point that the second witness, in cross-examination, testified that he had admitted commission of 48 burglaries in the juvenile proceeding conducted after the arson. The court based its ruling on the Oregon statute which forbids the use of juvenile records in any proceeding other than juvenile court. Or.Rev.Stat. § 419.-567(3). This sua sponte striking of the cross-examination of a key prosecution witness constituted prejudicial error. The need of the defendant to cross-examine a principal government witness to show possible bias outweighed the need of the state to maintain the confidentiality of its juvenile records. *Davis v. Alaska, supra,* 415 U.S. at 320, 94 S.Ct. at 1112. The testimony was relevant to show possible bias or self-interest of the witness who testified against Burr. The state did not object to the introduction of the testimony. The state trial court's sua sponte striking of testimony elicited during cross-examination which tended to show the bias or self-interest of the witness denied the defendant his right to confront that witness. We conclude that [p]etitioner was thus denied the right of effective cross-examination which " 'would be constitutional error of the first magnitude and no amount of show-

ing of want of prejudice would cure it.' *Brookhart v. Janis,* 384 U.S. 1, 3 [86 S.Ct. 1245, 1246, 16 L.Ed.2d 314]." *Smith v. Illinois,* 390 U.S. 129, 131 [88 S.Ct. 748, 750, 19 L.Ed.2d 956] (1968).

*Davis v. Alaska, supra,* 415 U.S. at 318, 94 S.Ct. at 1111.

For the foregoing reasons, the district court's order is AFFIRMED.

WALLACE, Circuit Judge, concurring:

I concur in the result reached by the majority. The cross-examination of the second juvenile accomplice elicited the admitted commission of 48 burglaries without objection. The relevance and materiality of the evidence was obvious. I agree with the majority that the sua sponte striking of this evidence requires reversal. I therefore would not reach the question whether Burr's counsel preserved the error when he failed to specify with clarity the basis of his cross-examination of the first juvenile accomplice on similar facts. As the question will not arise during retrial, there is no reason for us to reach the issue.