.KENNETH EDWARD HUGHES, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 13758

October 1, 1982                               651 P.2d 102

*Thomas E. Perkins,* Winnemucca, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Richard
A. Wagner,* District Attorney, Pershing County, for Respond-
ent.

## OPINION

*Per Curiam:*

A jury found Kenneth Edward Hughes guilty of first degree kidnapping, robbery with a deadly weapon and grand larceny. He seeks a new trial on the grounds that the trial judge committed reversible error in limiting his cross-examination of an accomplice. We agree that the court erred in limiting the examination, but we hold that the error was harmless beyond a reasonable doubt, and therefore affirm.

### THE FACTS

The victim of the crime, Elmer R. Morris, testified that he picked up Hughes and another hitchhiker, Peter John McIntyre, late in the afternoon while traveling from Sparks, Nevada to Winnemucca. He further testified that after a brief roadside stop, Hughes told him that he was "taking over," showed him a knife, and ordered him into the rear seat. Hughes then drove the car up a canyon, dropped Morris off, and left with McIntyre, taking the car and approximately $350.00 from Morris' billfold. Hughes and McIntyre were apprehended in the car the following day.

McIntyre's testimony at trial essentially corroborated Morris' testimony. On cross-examination, McIntyre admitted telling an inmate at the county jail that there had been no robbery or kidnapping, but only a theft of the car. Another inmate testified that McIntyre had told him that he and Hughes "had stolen a vehicle and they had done nothing else they were charged with." The inmate further testified that McIntyre subsequently had even denied taking the car, and had said that he was giving evidence for the state "to get out of trouble a little further." McIntyre admitted that he first corroborated Morris' story only after hearing Morris testify at the preliminary hearing.

At the time of Hughes' trial, McIntyre had been certified a juvenile and transferred to the juvenile division of the district court. The prosecutor had opposed the certification. Hughes' counsel attempted to show that McIntyre had changed his story concerning the robbery and kidnapping in the hope of receiving more favorable treatment as a juvenile. The district judge did not permit Hughes' counsel to question McIntyre as to whether McIntyre believed he would avoid imprisonment by his certification as a juvenile. In essence, the judge stated that because McIntyre might or might not be sent to the Nevada Training Center, which was equivalent to imprisonment, the question

called for a speculative and misleading answer. The judge did allow Hughes' counsel to elicit McIntyre's juvenile status and argue it to the jury, and raised no bar to other questions concerning bias, motivation or credibility.

## THE DISTRICT COURT ERRED IN RESTRICTING CROSS-EXAMINATION

A criminal defendant has a right to cross-examine an accomplice thoroughly as to the latter's bias or motives in testifying, and the judge's discretion to limit cross-examination in this area is limited. Eckert v. State, 96 Nev. 96, 605 P.2d 617 (1980); Bushnell v. State, 95 Nev. 570, 599 P.2d 1038 (1979). *See* Burr v. Sullivan, 618 F.2d 583 (9th Cir. 1980); United States v. Bagsby, 489 F.2d 725 (9th Cir. 1973). This right of cross-examination encompasses not only the right to inquire about plea bargains or promises of leniency, but also the right to ask the witness about his hopes for lenient treatment. Bushnell v. State, *supra.* The confrontation clause of the Sixth Amendment protects the right to cross-examine witnesses extensively concerning possible bias. Davis v. Alaska, 415 U.S. 308 (1974).

Although the record here provides few nuances, the district judge in the instant case apparently prevented Hughes' counsel from inquiring into McIntyre's expectations of leniency. The judge sustained the state's objection to the question concerning the likelihood of imprisonment only after hearing Hughes' counsel explain his desire to reveal McIntyre's *beliefs* about the likelihood of imprisonment. Thus, appellant was not given a full opportunity to test McIntyre's motives or argue them to the jury, and the jury did not receive the benefit of a fact which may have colored McIntyre's testimony. *See* Bushnell v. State, *supra.* While the actual probability that McIntyre might suffer incarceration may have been speculative, his expectations or hopes of leniency in the upcoming juvenile proceeding were relevant to his motives for testifying, and hence his credibility. The district judge therefore erred in foreclosing this line of questioning.

## THE ERROR WAS HARMLESS

Although the district judge erred in limiting appellant's cross-examination of McIntyre, we are convinced that the error

was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18 (1967). Hughes' counsel freely admitted during oral argument that his client was guilty of stealing the car. Morris testified in detail about Hughes' conduct, and was extensively cross-examined as to whether he had any motive to fabricate a story to support additional charges of robbery and kidnapping. McIntyre's testimony corroborated Morris' in every essential respect. Through McIntyre's multiple prior inconsistent statements, the admission that he corroborated Morris' story only after the preliminary hearing, and the revelation of his juvenile status, McIntyre's credibility was placed squarely before the jury. The record in this case leads us to conclude that the error in restricting appellant's cross-examination of McIntyre was harmless beyond a reasonable doubt, and does not require reversal. We therefore affirm.