15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alexander D. McCORD, Defendant-Appellant.
 No. 92-50544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1993.*
Decided Dec. 23, 1993.
 
 Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Alexander D. McCord appeals his convictions, following a jury trial, of four counts of mail fraud in violation of 18 U.S.C. Sec. 1341, three counts of wire fraud in violation of 18 U.S.C. Sec. 1343, and one count of subscribing to a false tax return in violation of 26 U.S.C. Sec. 7206(1).
 
 
 3
 McCord argues that the district court abused its discretion when it (A) limited the cross-examination of rebuttal witness Dorthea Tomczyk; (B) refused to admit into evidence a tape recording of a conversation about which Tomczyk had testified, and also excluded a transcript of the same tape recording; and (C) denied McCord's three motions for a mistrial. McCord also argues that he was deprived of a fair trial by the conduct of the trial judge.
 
 
 4
 We affirm.
 
 I. Restriction of Cross-Examination
 
 5
 McCord argues that he was denied the right to cross-examine rebuttal witness Dorthea Tomczyk effectively when the district court refused to allow defense counsel to use secretly taped telephone conversations to impeach her testimony. He claims that the restriction violated his confrontation rights and that the trial court improperly excluded the line of questions under Federal Rule of Evidence 403.
 
 
 6
 The district court's decision to limit cross examination of a witness is reviewed for abuse of discretion. United States v. Dischner, 974 F.2d 1502, 1514 n. 12 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993). Where there is an abuse of discretion, there must be an inquiry into whether the error was harmless. United States v. Vargas, 933 F.2d 701, 704 (9th Cir.1991). Additionally, whether limitations on cross examination are so severe as to amount to a violation of the confrontation clause is a question of law reviewed de novo. Id.
 
 A. Confrontation Rights
 
 7
 McCord first argues that his confrontation rights were violated because Tomczyk was a key government witness.[1] Broad cross-examination rights are favored by this circuit. United States v. Sidman, 470 F.2d 1158, 1165 (9th Cir.1972), cert. denied, 409 U.S. 1127 (1973). Furthermore, the importance of a full cross-examination may be magnified when the witness was a participant in the crime. Burr v. Sullivan, 618 F.2d 583, 587 (9th Cir.1980).
 
 
 8
 The trial court's restriction of Tomczyk's cross-examination was not an abuse of discretion. A trial court has considerable discretion to limit cross-examination. Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1600 (1993). This circuit has repeatedly stated that " 'the trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness.' " United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991) (quoting United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987)). See also United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989).
 
 
 9
 We have allowed more extensive limitations on the cross-examination of key government witnesses in the past. For example, in United States v. Garcia, 988 F.2d 965, 969 (9th Cir.1993), the trial court restricted examination into the details of a principal witness's participation in a murder. This was not an abuse of discretion because the court allowed defense counsel to cross-examine about "any possible bias and motivation for testifying, including the fact that he was involved in the murder investigation and did not want that investigation pursued." Id. See also United States v. Domina, 784 F.2d 1361, 1365-67 (9th Cir.1986) (no abuse of discretion to limit cross-examination of state's principal witness on his narcotics use when no indication that such usage affected his willingness to testify or the nature of the testimony, and when considerable other cross-examination was allowed concerning witness's bias), cert. denied, 479 U.S. 1038 (1987). In Vargas, one of the few cases where an abuse of discretion was found, the trial court essentially prohibited all cross-examination of a key government witness in the presence of the jury. 933 F.2d at 704-06, 708-09. In contrast, the court here allowed extensive cross-examination of Tomczyk.
 
 
 10
 McCord had a full opportunity to expose the biases and motivations of Tomczyk to the jury. He was able to question her about her contacts and cooperation with the government, her motives for testifying for the government, including her desire to avoid jail time, her ability to recall crucial events, and her biases against defendant. In addition, McCord was allowed to question Tomczyk about the taped conversation. He simply was prohibited from asking questions by reading directly from a transcript of the tapes. The cross-examination satisfied confrontation demands, even for a key witness. The trial court did not abuse its discretion in limiting the cross-examination technique.
 
 B. Rule 403
 
 11
 McCord further argues that the trial court abused its discretion in restricting the cross-examination because it improperly weighed the probative value of the tapes against the danger of unfair prejudice when it excluded the line of questioning under Federal Rule of Evidence 403. See Fed.R.Evid. 403. He claims that because Tomczyk was a crucial witness, the jury's assessment of her credibility was vital to the outcome of the case. Thus, he claims that the probative value of the cross-examination was substantial and the jury was entitled to hear the information in order to provide a fair trial.
 
 
 12
 The trial court has broad discretion under Federal Rule of Evidence 403 to exclude relevant evidence when the danger of unfair prejudice substantially outweighs its probative value. United States v. Kinslow, 860 F.2d 963, 968 (9th Cir.1988) (district judge given wide latitude), cert. denied, 493 U.S. 829 (1989). Here, the court found that the tapes had little probative value in light of the damaging testimony already elicited. It also found that the danger of unfair prejudice was high because the nature of the questioning gave the questions undue credibility, making the questions themselves akin to evidence in the minds of the jurors. The trial court clearly stated the basis of its decision, and its balancing was not an abuse of discretion.
 
 II. Exclusion of the Tapes from Evidence
 
 13
 McCord argues that the district court erred when it ruled that a tape recording of a conversation between himself, Dorthea Tomczyk and James Harvey was inadmissible in the defense sur rebuttal case under Federal Rule of Evidence 403.
 
 
 14
 The district court's exclusion of evidence pursuant to Rule 403 is reviewed for abuse of discretion. United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir.1991); United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 15
 Federal Rule of Evidence 403 states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.
 
 
 16
 Under Rule 403, the district court has broad discretion to determine whether the probative value of evidence is substantially outweighed. R.B. Matthews, Inc. v. Transamerica Transport Servs., Inc., 945 F.2d 269, 272 (9th Cir.1991) ("Trial judges have wide discretion to exclude evidence given their presence at the trial and because the considerations arising under Rule 403 are 'susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.' ") (quoting United States v. Layton, 767 F.2d 549, 554 (9th Cir.1985)); Kinslow, 860 F.2d at 968.
 
 
 17
 In this case, the trial court excluded the recording after considering a transcript of the tape McCord wanted admitted and after hearing counsel's arguments concerning its purpose and the potential problems it could create. The court found that the tape had little probative value because it did not appear directly to refute the testimony of prosecution witness Tomczyk nor add anything substantial to the attack on her credibility. McCord made no showing that the tape was to be used for any other purpose than to attack Tomczyk's credibility. On the other side of the equation, the court found that introducing the tape into evidence at the end of trial would unfairly prejudice the government because the jury was likely to give the tape more weight than it deserved.
 
 
 18
 We hold that there was no abuse of discretion by the trial court in excluding the tape. See United States v. Simtob, 901 F.2d 799, 808 (9th Cir.1990) (when considering what appears to be a close question, court defers to the trial court's consideration). The trial court laid out the factors it considered, and these concerns are appropriate Rule 403 considerations.
 
 III. Denial of the Three Motions for Mistrial
 
 19
 McCord asserts that the trial court erred in denying each of his three motions for a mistrial.
 
 
 20
 The district court's decision to deny a motion for a mistrial is reviewed for abuse of discretion. United States v. Homick, 964 F.2d 899, 906 (9th Cir.1992); United States v. Segal, 852 F.2d 1152, 1155 (9th Cir.1988). In deciding whether to declare a mistrial, "the district court should take all relevant circumstances into account rather than apply an abstract formula." United States v. Sommerstedt, 752 F.2d 1494, 1498 (9th Cir.) (citation omitted), amended, 760 F.2d 999, cert denied, 474 U.S. 851 (1985). Appropriate factors for a court to consider include: whether an error has occurred which is certain to result in reversal, see United States v. Bates, 917 F.2d 388, 395 (9th Cir.1990); whether testimony was allowed which unfairly prejudiced the defendant, Homick, 964 F.2d at 906; and whether an instruction to a jury can adequately repair any injury, Bates, 917 F.2d at 396.[2] The trial court's determination is given substantial deference on review. Id. at 394. Nevertheless, "the reviewing court cannot condone irrational or irresponsible behavior by the trial judge." Id. at 395.
 
 
 21
 McCord's first motion for a mistrial concerned the prosecution's remarks in the opening statement that McCord's clients trusted him and that McCord broke that trust. McCord contends that this constituted a misstatement of the law requiring a mistrial because trust was not an element of any offense charged.
 
 
 22
 We hold that it was not an abuse of discretion to deny the mistrial. The jury was properly instructed that the opening statement contained only the prosecutor's idea of what the evidence would show, not actual evidence. The jury could not have been led to believe that trust was an element of the crime. Therefore, the trial court was well within its discretion when it denied the motion for a mistrial.
 
 
 23
 McCord's second motion concerned the statement of a prosecution expert witness concerning the extent of McCord's churning of client accounts. McCord claims that the statement was irrelevant and that it should have been excluded under a Rule 403 balancing of probative value and unfair prejudice.
 
 
 24
 The trial court did not abuse its discretion in denying the second mistrial motion. Even assuming the motion was timely, which the government disputes, the questioning was proper. Expert witness testimony is intended to "assist the trier of fact to understand the evidence or determine a fact in issue." Fed.R.Evid. 702. Churning is a technical concept suitable for expert testimony. See Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 530 (9th Cir.1986). Here, the witness's statement that he had never seen churning to such an extent could have helped the jury to understand McCord's knowledge and intent to churn client accounts. Thus the trial court did not abuse its discretion by refusing to declare a mistrial based on the disputed question and answer.
 
 
 25
 Finally, McCord made his third motion for a mistrial when the government asked a witness about his knowledge of one of McCord's client's health, after the parties had agreed not to raise the client's physical condition before the jury. McCord claims that these questions were not asked in good faith and that he was therefore deprived of a fair trial. McCord himself opened the door to questions concerning the client's health, however, and her physical condition was later explained to the jury by stipulation. Thus, McCord has no claim of unfair prejudice here or prosecutorial bad faith. The trial court did not abuse its discretion when it denied the motion for mistrial.
 
 IV. Judicial Conduct
 
 26
 McCord argues that he was deprived of a fair trial because the judge made "anti-defendant remarks" and had an "anti-defendant attitude."
 
 
 27
 Allegations of judicial misconduct are reviewed under the abuse of discretion standard. United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). When the defendant fails to object to judicial comments or conduct, allegations are reviewed for plain error. United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir.1989). The standard for reversal is whether the trial was unfair. Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282, 1289 (9th Cir.1984), cert. denied, 469 U.S. 1190 (1985).
 
 
 28
 "A federal judge has broad discretion in supervising trials." Laurins, 857 F.2d at 537. An appellate court should reverse only if the record " 'disclose[s] actual bias on the part of the trial judge, [or] leave[s] the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality.' " Shad, 799 F.2d at 531 (quoting Warner v. Transamerica Ins. Co., 739 F.2d 1347, 1351 (8th Cir.1984)). This case creates no such impression.
 
 
 29
 McCord cites three instances of judicial conduct to support his claim that his trial was unfair. Neither as individual events nor cumulatively do these events show an abuse of discretion. First, the trial judge warned McCord's counsel that he did not want to hear too many "nonserious" motions for mistrial. McCord claims that this warning deprived him of a "neutral arbiter" and showed open hostility toward McCord. McCord did not object to this warning, and therefore we review for plain error. The remark was made out of the presence of the jury, thus the jury was unaffected by it. Moreover, the court's warning does not display bias or partiality, only a desire to have a trial free of frivolous motions. There was no plain error here.
 
 
 30
 Second, McCord claims that the trial judge displayed an anti-defendant attitude when he referred to defense counsel's questioning technique as a "charade." Defense counsel objected to this statement as inappropriate shortly after it was made.[3] Although the court did refer to the manner in which defense counsel was questioning his witness as a "charade," the court gave a lengthy curative instruction to the jury. The court also explained to McCord that he was calling the manner in which defense counsel was attempting to refresh McCord's recollection the "charade," not the testimony itself. Viewing the record in its entirety, we cannot say that this exchange was "anti-defendant" or even prejudicial to defendant. We will not reverse the trial court on the basis of this remark.
 
 
 31
 Finally, McCord claims that when the trial court stated in the presence of the jury that a witness knew "all about tricky lawyers," it failed to maintain a calm, dispassionate and impartial demeanor, because it had an "unjustified, antagonistic" tone. McCord did not object to the remark. McCord claims that the trial court was belittling his counsel and therefore he was deprived of a fair trial. The comment does not demonstrate a loss of impartiality by the trial judge constituting plain error, but was instead intended as a joke. The judge twice stated that the comment was made "for fun." It did not reflect hostility toward the defense.
 
 
 32
 McCord further suggests that these three situations discussed were just a few of many examples of the court's partial demeanor, creating a cumulative effect of advocacy for the government's case. McCord did not make an objection concerning the general conduct of the trial judge during the course of the trial. None of the incidents, standing alone, is enough to constitute an abuse of discretion. Moreover, we do not find evidence of an overall "anti-defendant" tone in the record. Instead, the trial court appears to have been quite careful in its management of the trial, and McCord was given considerable leeway in the presentation of his case. The trial judge did not plainly err in his conduct of the trial.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the purposes of this disposition we do not need to determine whether Tomczyk was in fact a "key" government witness, because even assuming that she was, we find that there was no abuse of discretion
 
 
 [2]
 The United States Attorney asserts that "a mistrial is not to be declared unless the circumstances create a 'manifest necessity.' " This, in fact, is not the correct standard. Manifest necessity becomes a concern when the court is considering whether retrial is barred by double jeopardy after the declaration of a mistrial. It does not guide whether a mistrial should be declared
 
 
 [3]
 The government disputes the timeliness of this motion. Because we find no abuse of discretion even if timely, we need not address this issue