**UNITED STATES of America, Appellee,**

v.

**Peter BRADY, Appellant.**

No. 77–2003.

United States Court of Appeals,
Ninth Circuit.

Sept. 28, 1977.

O. J. Wilkinson, Jr., Wilkinson & Quarelli, Phoenix, Ariz., argued for appellant.

Daniel R. Drake, Edmund G. Noyes, Jr., Asst. U. S. Attys., Phoenix, Ariz., argued for appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Brady was convicted for conspiracy to possess heroin for distribution. The only question on appeal is whether the court erred in refusing to permit defense counsel to ask the Government's principal witness the name of the person who had supplied her with heroin in prior transactions. The Government's witness was Velia Contreras ("Velia") who had earlier been convicted of a heroin sale and who thereafter was granted immunity to testify against Brady.

On July 15, 20, and 30, 1976, DEA Special Agent Salazar purchased heroin from Cartwright and Joseph Contreras ("Joseph"), Velia's son. Velia testified that Brady was the source of the heroin which she supplied for the July 30 sale and that the July 30 incident was the only time she had had any kind of drug dealings with Brady. Brady's defense was that he was not the source;

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

the real source was another person who had supplied heroin to Velia on prior occasions. She admitted on cross-examination that she paid Brady no money for the drugs which she allegedly purchased on July 30 from him. One of the Government's witnesses testified that heroin sales were not ordinarily made on credit in absence of regular narcotics dealings between the seller and the buyer.

Cartwright and Joseph were arrested when Agent Salazar made the heroin purchase on July 30. The two men admitted that Joseph had obtained the heroin from Velia. Salazar then drove to Velia's home with Joseph where he saw Brady. At first Velia denied any knowledge of the narcotics transaction. But after Salazar promised her that she and her son would go free if she would implicate Brady in the heroin sale, she said that Brady was her source.

Although there was some testimony from Joseph and from Cartwright that tended slightly to corroborate Velia's testimony that Brady was the source, the critical evidence came from Velia. During Velia's cross-examination, the following colloquy occurred:

"Q: But you had been dealing in heroin prior to that time with other people, isn't that correct?

"A: No I had not."

At that juncture Velia's counsel asked to approach the bench, requesting "a short recess so that I can converse with my client and advise of her of certain things." The prosecutor objected to an inquiry into Velia's prior narcotics dealings because "I don't see how it impeaches her because Brady is not charged with any other dealings." The court did not rule on the objection because adjournment for the day was at hand. The following morning, the court sustained the objection on the ground that the name of Velia's source was irrelevant and that there was substance to Velia's lawyer's claim that revelation of the name of her source for prior sales might jeopardize her personal safety.

The name of Velia's prior source was relevant, both for the purpose of impeaching her testimony that she had not had prior dealings in narcotics, but also because identification of the prior source lent some support to the defense theory that Velia had implicated Brady to protect herself from her real source, as well as to seek immunity for her son and herself. Fear of her prior source would provide powerful motivation to name Brady, rather than her earlier supplier.

■ As the Government acknowledges, the restriction of a defendant's right to cross-examine a government witness can be a denial of the defendant's constitutional right of confrontation. (*Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977).) We need not decide whether the error in this case was of constitutional dimension, however, because we are convinced that the error was prejudicial even if the confrontation threshold were not crossed.

■ Velia was the Government's key witness, and the Government's whole case turned on her credibility. Defense counsel thus must be given a maximum opportunity to test the credibility of the witness. (*United States v. Harris*, 501 F.2d 1 (9th Cir. 1974).) Explorations of Velia's dealings with her source, not only went to her credibility, but also may have supplied substantive evidence of Brady's innocence by evidence tending to prove that the other man, not Brady, in fact was the source for the July 30 sale. Because cross-examination was restricted, we cannot know whether the name of the source might have supplied convincing evidence, or at least a substantial lead, in identifying someone other than Brady as the source of the questioned sale. The name of the source might have revealed that the person was one of Velia's close relatives or a person with whom she was known to have extremely close connections which, if followed up on further cross-examination, might have revealed her prior source as the same source who supplied heroin on July 30.

Under the totality of the circumstances, we cannot say that the erroneous restriction on cross-examination was harmless error.

REVERSED.